**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

RENE VENTURA and YOLANDA VENTURA,

    Petitioners,

v.                                       Case No: 8:16-cv-1479-T-30AEP

JP MORGAN CHASE BANK N.A.,

    Respondent.

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Dismiss (Dkt. 5) on the grounds that the Court lacks subject-matter jurisdiction. Plaintiffs have not responded to the motion, but the Court can resolve this matter without the benefit of a response. As explained briefly below, the motion will be granted.

## DISCUSSION

Plaintiffs, proceeding *pro se*, filed this lawsuit seeking appellate review of an order from the Florida Supreme Court that denied Plaintiffs' writ of mandamus. On such a request, however, the law is clear: federal district courts have no authority to review the final determinations of state judicial proceedings. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923)). Known as Rooker–Feldman, the Doctrine established the nearly 100-year-old rule that only the Supreme Court may review the final judgments of state courts. *See Feldman*, 460 U.S. at 476. District courts lack subject-matter jurisdiction to entertain

petitions to review these judgments, even if the judgment is one in which the state supreme court denied a writ. *See Doe v. Florida Bar*, 630 F.3d 1336, 1341 (11th Cir. 2011).

According to their complaint, Plaintiffs ask the Court to do what it has no authority to do.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss (Dkt. 5) is GRANTED.

2. This cause of action is DISMISSED WITH PREJUDICE.

3. The Clerk is directed to close this file and terminate all pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 23rd day of August, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record